1  KAREN P. HEWITT
   United States Attorney
2  CAROLINE J. CLARK
   Assistant U.S. Attorney
3  California State Bar No. 220000
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Email: caroline.clark@usdoj.gov
   Telephone: (619) 557-7491
6  Facsimile: (619) 557-5004

7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10 ROBERT YASMEH,                    )  Case No. 08cv0024 H (JMA)
                                     )
11            Plaintiff,             )
       v.                            )
12                                   )  MEMORANDUM OF POINTS AND
   MICHAEL MUKASEY; Attorney General of)  AUTHORITIES IN SUPPORT OF
13 the United States; MICHAEL CHERTOFF,)  DEFENDANTS' MOTION TO DISMISS OR
   Secretary of the Department of Homeland)  ALTERNATIVELY TO REMAND TO
14 Security; EMILIO T. GONZALEZ, Director of)  UNITED STATES CITIZENSHIP AND
   the United States Citizenship and Immigration)  IMMIGRATION SERVICES
15 Services; ALFONSO AGUILAR, Chief of)
   Citizenship, United States Citizenship and)
16 Immigration Services; PAUL M. PIERRE,)       DATE:      April 1, 2008
   District Director of the United States)       TIME:      10:30 a.m.
17 Citizenship and Immigration Services, San)    CTRM:      2
   Diego, California; ROBERT S. MUELLER, III,)   Honorable Marilyn L. Huff
18 Director of the Federal Bureau of Investigation,)
                                     )  (No Oral Argument Required)
19            Defendants.            )
   _____)

20

21

22

23

24

25

26

27

28

# I.  INTRODUCTION

Plaintiff requests that the Court compel Defendants to complete the processing of his naturalization application, however, he has failed to establish the Court's subject matter jurisdiction and to state a claim upon which relief can be granted.  The Complaint is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Plaintiff has not been examined by Defendant U.S. Citizenship and Immigration Services (USCIS) regarding his application for naturalization, and by federal regulation, cannot be examined until USCIS receives the results of his name check pending with Defendant Federal Bureau of Investigation (FBI).  Defendants request that the Court dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim.  Alternatively, if the Court finds jurisdiction, Defendants request that the Court remand the matter to USCIS for adjudication of the application once the necessary background investigation and subsequent examination are completed.

# II.  FACTUAL BACKGROUND

Plaintiff, a native and citizen of Iran, was granted Lawful Permanent Resident status on October 1, 1985.  See Declaration of Janaki Rangaswamy, (Exh. A), ¶ 19.[1]  On January 13, 2003, Plaintiff filed an Application for Naturalization (N-400).  Id.  On or about January 22, 2003, the FBI received a name check request from USCIS and on June 20, 2003, the FBI completed the name check request.  See Declaration of Michael Cannon (Exh. B) ¶ 41.  On September 11, 2003, USCIS issued a written notice to Plaintiff indicating that his interview was scheduled for November 17, 2003.  See Exh. A, ¶ 19.  Plaintiff failed to appear for his scheduled interview and on January 5, 2004, USCIS administratively closed Plaintiff's N-400.  Id.; 8 C.F.R. § 335.6.

On April 11, 2006, Plaintiff filed a second N-400.  See Exh. A, ¶ 19.  On or about April 29, 2006, the FBI received a name check request from USCIS and the name check has not been completed.  See Exh. B, ¶ 42.  On June 26, 2006, USCIS received the results of Plaintiff's FBI fingerprints check.  See Exh. A, ¶ 19.  To date, as Plaintiff's FBI name check is incomplete and ongoing, his N-400 remains

---

[1]When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction without converting the motion to one for summary judgment.  See, e.g., Land v. Dollar, 330 U.S. 731, 735 n.4, (1947) ("when a question of the District Court's jurisdiction is raised...the court may inquire by affidavits or otherwise, into the facts as they exist."); Biotechs Research Corp. v. Heckler, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings did not convert a Rule 12(b)(1) motion into one for summary judgment).

pending. Id. at ¶ 19; Exh. B, ¶ 42. Further, because Plaintiff's FBI name check has not been completed, he has not been examined on his pending N-400. See Exh. A, ¶¶ 19-21. The Complaint is contradictory in that it states both that Plaintiff has not been examined, see Complaint, ¶ 14, and that he has been examined, see id. at ¶ 20.

### III. ARGUMENT

A.     LEGAL BACKGROUND

By statute, the Secretary of Homeland Security[2] is authorized to prescribe the scope and nature of the examination of naturalization applicants as to their admissibility to citizenship. 8 U.S.C. § 1443(a). Judicial review is limited to those applications that have been denied or not decided within 120 days of examination. See 8 U.S.C. § 1447(a)-(b). Plaintiff's application has not been denied, nor has he been examined by USCIS. See Exh. A, ¶¶ 19-21. Thus, the Court does not have jurisdiction under 8 U.S.C. §§ 1421(c), 1447(a), or 1447(b).

In a situation where there has been no examination, the governing statutes and regulations do not provide a time frame for adjudication of a naturalization application. See 8 U.S.C. §§ 1443, 1446, 1447; 6 U.S.C. § 551(d); 8 C.F.R. § 335. Title 8 also fails to provide a mechanism for judicial review of an application when 120 days have not elapsed since the USCIS examination or the application has not been denied. See 8 U.S.C. §§ 1421(c); 1447. USCIS is required to examine each applicant for naturalization. See 8 U.S.C. § 1446(b). The examination takes place in the form of an interview with a USCIS officer and includes a test of English literacy, basic knowledge of the history and government of the United States, and questioning on the answers provided in the application itself. See 8 C.F.R. § 335.2(c). Pursuant to the regulations enacted in the discretion of the Secretary of Homeland Security, the examination may only occur after the completion of extensive criminal background checks, and a "definitive response from the Federal Bureau of Investigation that a full criminal background check of an applicant has been completed." 8 C.F.R. § 335.2(b); Exh. A, ¶ 20. Plaintiff's FBI name check is currently incomplete and ongoing. See Exh. A, ¶ 19; Exh. B, ¶ 42. No examination of Plaintiff has

//

---

[2]On March 1, 2003, DHS and its USCIS assumed responsibility for the process of naturalization. 6 U.S.C. § 271(b). Accordingly, the discretion formerly vested in the Attorney General is now vested in the Secretary of Homeland Security. 6 U.S.C. § 551(d).

1    taken place.  See Complaint, ¶ 14; Exh. A, ¶ 21.  As Plaintiff's application has not been denied and he

2    has not been examined, he is not entitled to judicial review.  See 8 U.S.C. §§ 1147(a)-(b).

3               B.      THE COURT LACKS SUBJECT MATTER JURISDICTION

4           Plaintiff asserts the Court has jurisdiction under 28 U.S.C. §§ 1331, 1361 and  5 U.S.C. §§  702.

5    704.[3/]  See  Complaint, ¶ 2.  These statutory provisions do not vest this Court with subject matter

6    jurisdiction.  Indeed, other courts in this District have recently found that there is no subject matter

7    jurisdiction over complaints regarding a pending application for naturalization where the FBI name

8    check is pending and USCIS has not conducted an interview.  See Dairi v. Chertoff, No. 07cv1014, 2007

9    WL 3232503, *1 (S.D. Cal. November 1, 2007) ("[T]here appears to be no legal basis for the court to

10   exercise subject matter jurisdiction over the action to compel Defendants to proceed with the

11   naturalization interview.");  Song v. Chertoff, No. 07cv0855, 2007 WL 3256201, *1 n.1 (S.D. Cal.

12   November 1, 2007) (holding that there was no jurisdiction under 8 U.S.C. §§ 1447(b), 1421(c) or "under

13   the provisions cited in his responsive brief").  See also Sehari v. Gonzales, No. 07cv0295, 2007 WL

14   2221053, *1 (S.D. Cal. July 31, 2007) (granting the defendants' motion to dismiss, in part, as to the

15   USCIS Defendants and but not the Attorney General because the Government did not challenge the

16   claim against him).

17               1.      Title 8 Does Not Vest the Court with Jurisdiction

18          To the extent the Court construes paragraph twenty of the Complaint as an assertion that the

19   Court has jurisdiction under 8 U.S.C. § 1447(b), Defendants contend that because Plaintiff has not been

20   examined, jurisdiction does not vest under this provision.  Plaintiff makes conflicting allegations in his

21   Complaint asserting both that he has been examined, see Complaint at ¶ 20, and that he has not been

22   examined, id. at ¶ 20.  USCIS maintains that Plaintiff has not been examined because his FBI name

23   check has not been completed.  See Exh. A at ¶¶ 19-21.  As such, 8 U.S.C. § 1447(b), which provides

24   that the district court has jurisdiction if USCIS fails to make a decision within 120 days after the

25   examination, is inapplicable to Plaintiff's situation.

26   //

27   _____

28          [3/]In his Complaint, Plaintiff references 8 U.S.C, § 1447(b) as imposing a duty on USCIS to
     adjudicate an N-400 within 120 days of an interview, however, he does not appear to allege this
     provision as a jurisdictional basis.  See Complaint, ¶ 20.

08cv0024

1          2.       Federal Question Statute Does Not Vest the Court with Jurisdiction

2          Plaintiff asserts the Court has jurisdiction under 28 U.S.C. § 1331, the federal question statute.

3   Under this statute, a federal court has subject matter jurisdiction where (1) the claim turns on an

4   interpretation of the laws or Constitution of the Untied States, and (2) the claim is not "patently without

5   merit." Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005). Here, Plaintiff's complaint fails on

6   the second prong. As discussed above, Plaintiff's application for naturalization has not been denied and

7   he has not been examined which leaves him without a mechanism for judicial review. See 8 U.S.C. §§

8   1147(a)-(b). Furthermore, Plaintiff may only be examined after his FBI background check has been

9   completed. See 8 C.F.R. § 335.2(b). Accordingly, as Plaintiffs' FBI name check remains pending, his

10  Complaint is without merit and should be dismissed for lack of subject matter jurisdiction.

11         3.       Mandamus Statute Does Not Vest the Court with Jurisdiction

12         Plaintiff seeks mandamus relief under 28 U.S.C. § 1361. See Complaint, ¶ 2. Mandamus is an

13  extraordinary remedy. See Cheney v. U.S. Dist. Ct. for Dist. of Columbia, 542 U.S. 367, 392 (2004)

14  (Stevens, J., concurring); Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). It is intended to

15  provide a remedy for a plaintiff only when he has exhausted all other avenues of relief and only if the

16  defendant owes him a clear nondiscretionary duty. Heckler v. Ringer, 466 U.S. 602, 616 (1984). The

17  Ninth Circuit has articulated that:

18         [m]andamus...is available to compel a federal official to perform a duty only if: (1) the
           individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and
19         so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is
           available.
20  Kildare, 325 F.3d at 1084 (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)).

21         As applied to Plaintiff's situation, his claim is not "clear and certain" and Defendants' actions

22  are discretionary, not ministerial. As discussed above, prior to the examination, the statute and

23  regulations governing applications for naturalization do not provide a time frame for adjudication . See

24  8 U.S.C. §§ 1443, 1446, 1447; 6 U.S.C. § 551(d); 8 C.F.R. § 335. The statute specifically leaves the

25  adjudication to the discretion of the Attorney General, and now the Secretary of Homeland Security.

26  Id. In fact, USCIS cannot interview a naturalization applicant until it has received a definitive response

27  from the FBI. See 8 C.F.R. § 335.2; Sehari, 2007 WL 2221053, *1; Dairi, 2007 WL 3232503, *1;

28  Song, 2007 WL 3256201, *1. Had Congress intended for such a temporal limitation it would have set

4                                                         08cv0024

1    a deadline for adjudication based on the date the naturalization application was filed with USCIS as

2    opposed to the date that USCIS examines the applicant. <u>See</u> 8 U.S.C. § 1447(b).

3      Further, the FBI's investigation involves a discretionary function. <u>See</u> <u>Yan v. Mueller</u>,

4    No. H-07-0313, 2007 WL 1521732, *6 (S.D. Tex. May 24, 2007) (The delay is due to the volume of

5    requests and "the FBI's <u>exercise of discretion</u> in determining the timing for conducting the many name

6    check requests that it received and the manner in which to conduct those checks." (emphasis added)).

7    Such broad discretion is consistent with the well-established proposition that judicial review in

8    immigration matters is narrowly circumscribed and control over immigration is largely entrusted to the

9    political branches of the government. <u>See</u> <u>Matthews v. Diaz</u>, 426 U.S. 67, 81-82 (1976); <u>U.S. v.</u>

10   <u>Valenzuela-Bernal</u>, 458 U.S. 858, 864 (1982); <u>Dairi</u>, 2007 WL 3232503, at *1 ("While Defendants have

11   the nondiscretionary duty to adjudicate Plaintiff's application, the USCIS, the FBI, and other federal

12   agencies have a great deal of discretion in how they process the Congressionally mandated background

13   investigation."). Further, as Plaintiff is in the process of obtaining the relief that he seeks, he has failed

14   to establish that no other adequate remedy exists. Once the FBI name check clears, he will be examined

15   and his application will be adjudicated. <u>See</u> Exh. A, ¶ 21.

16     Defendants have demonstrated that Plaintiff's naturalization application is in the process of

17   adjudication and therefore Plaintiff's claim is neither clear nor certain nor one subject to

18   nondiscretionary, ministerial duties. <u>See</u> <u>Dairi</u>, 2007 WL 3232503, at *1. Thus, 28 U.S.C. § 1361 does

19   not vest this Court with jurisdiction.

20      4. <u>Administrative Procedures Act Does Not Vest the Court with Jurisdiction</u>

21     The Administrative Procedures Act (APA), 5 U.S.C. § 701 et seq., does not provide an

22   independent basis for jurisdiction. <u>Califano v. Sanders</u>, 430 U.S. 99, 107 (1977); <u>Staacke v. U.S.</u>

23   <u>Secretary of Labor</u>, 841 F.2d 278, 282 (9th Cir. 1988). Rather, it merely provides the standards for

24   reviewing agency action once jurisdiction is otherwise established. <u>Staacke</u>, 841 F.2d at 282. Even if

25   the Court found jurisdiction under 28 U.S.C. § 1331, judicial review under the APA is specifically

26   precluded where "agency action is committed to agency discretion by law." <u>Yan</u>, 2007 WL 1521732,

27   at *8; 5 U.S.C. § 701(a)(2) (precluding APA review of agency actions that are "committed to agency

28   discretion by law."). "Agency action," as defined in the APA, includes "a failure to act." 5 U.S.C. §

551(13).  That discretion precludes judicial review of both the ultimate decision and the process by which the decision is reached.  In <u>Heckler v. Chaney</u>, 470 U.S. 821 (1985), the Supreme Court interpreted 5 U.S.C. § 701(a)(2) to mean that "review is not to be had if the statute is drawn so that the court would have no meaningful standard against which to judge the agency's use of discretion."  <u>Id.</u> at 830.  As the Court explained, "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion, then it is impossible to evaluate agency action for 'abuse of discretion.'"  <u>Id.</u>

In addition to the examination process being expressly committed to agency discretion, no statutory or regulatory provisions provide a "meaningful standard" against which to measure the time it takes USCIS to process an application, or the FBI to process a name check.  <u>See</u> <u>Chaney</u>, 470 U.S. at 830.  Because the statute does not provide a time frame for completion of a name check or examination, there is no standard against which the Court can measure whether either agency has acted "within a reasonable time" or "unreasonably delayed adjudication."  5 U.S.C. § 555(b); 5 U.S.C. § 706(1).  The passage of time cannot, standing alone, support a claim of unreasonable delay.  <u>INS v. Miranda</u>, 459 U.S. 14, 18 (1982).

Further, a mere processing delay does not necessarily mean the delay is unreasonable.  <u>Fraga v. Smith</u>, 607 F. Supp. 517, 521 (D. Ore. Apr. 19, 1985) (class action seeking mandamus for pending citizenship applications).  Several courts have recognized that the source of the delay is the most important factor in determining whether the delay is unreasonable.  <u>See</u> <u>Wei Tan v. Gonzalez</u>, No. 07cv00133, 2007 WL 1576108, at *3 (D. Colo. May 30, 2007) (holding that determining if a delay is unreasonable depends on the reason for the delay not solely the length of the delay); <u>see also</u> <u>Saleh v. Ridge</u>, 367 F. Supp. 2d 508, 512 (S.D.N.Y. 2005) (finding that the source of the delay is the most important factor to determine whether a delay is unreasonable).

The following security checks must be completed for each naturalization application: 1) an FBI name check; 2) an FBI fingerprint check; and 3) a DHS-managed Interagency Border Inspection System (IBIS) check.  <u>See</u> Exh. A, ¶ 6 and attached USCIS Fact Sheet.  According to Janaki Rangaswamy, Supervisory Adjudication Officer at USCIS's California Service Center (CSC), Plaintiff's FBI name check remains pending.  <u>Id.</u> at 19.  Since September 11, 2001, USCIS has submitted millions of name

check requests to the FBI, which taxed the FBI's resources and created a backlog. See Exh. B, ¶¶ 23-24. In particular, between December 2002 and January 2003, USCIS submitted almost three million requests. Id. During fiscal year 2007, USCIS received over 1.4 million applications for naturalization. See Exh. A, ¶ 4.

As explained by Michael Cannon, Chief of the National Name Check Program Section for the FBI, the FBI name check process is complex and time consuming. See Exh. B, ¶¶ 13-18. The FBI processes name check requests on a first-in, first-out basis unless USCIS directs that a particular request be expedited. Id. at ¶¶ 18-19. Processing of the name checks depends on many factors, including: where in the processing queue the name check lies; the workload of the analyst processing the name check; the volume of expedited checks that must be processed first; the number of "hits" that must be retrieved, reviewed and resolved; the number of records from various Field Offices that must be retrieved, reviewed and resolved; and the staff and resources available. Id. at ¶ 39.

The FBI's delay in processing Plaintiff's name check is not unreasonable. The FBI is working as expeditiously as possible to reduce the immigration name checks that are backlogged. Prior to September 11, 2001, the FBI processed approximately 2.5 million name checks per year. Id. at 21. For fiscal year 2006, the year that Plaintiff's name check was submitted, the FBI processed in excess of 3.4 million name checks. Id. Requiring the FBI to divert resources to complete Plaintiff's name check by an arbitrary deadline or before other applicants would detract from the FBI's efforts to reduce waiting times for all applicants. Moreover, it would be unfair to applicants who have been waiting longer than Plaintiff. Even in cases involving statutory deadlines, which do not apply here, courts have declined to grant such relief. See, e.g., In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991); Mashpee Wampanoag Tribal Council, Inc. V. Norton, 336 F.3d 1094, 1101 (D.C. Cir. 2003).

The nature and extent of the interests at stake here weigh heavily in favor of denying Plaintiff's request. His interest in an expedited decision on his application is minimal and does not implicate human health and welfare. Plaintiff retains all of the rights and benefits of lawful permanent residence. See Exh. A, ¶ 18. Conversely, the FBI has an important national security interest in ensuring a thorough and accurate result for his background check. See Sze v. INS, No. C-97-0569, 1997 WL 446236, at *7-8 (N.D. Cal. Jul. 24, 1997) (identifying factors to be considered when determining whether a delay is

1    unreasonable).  USCIS cannot schedule an interview for a naturalization application until there is a

2    definitive response from the FBI.  8 C.F.R. § 335.2(b); Exh. A, ¶ 20.  APA relief is not appropriate in

3    cases alleging unreasonable delay in the FBI's name check process and this complaint should be

4    dismissed.  Li, 482 F. Supp. 2d at 1179.

5              C.    PLAINTIFF FAILS TO STATE A CLAIM UPON
                     WHICH RELIEF MAY BE GRANTED

6

7              Alternatively, if the Court finds that it has jurisdiction, Plaintiff still fails to state a claim upon

8    which relief may be granted.  Plaintiff's application may not be decided because his background

9    investigation is not yet complete.  Had it wished to do so, Congress could have enacted deadlines for

10   the performance of the FBI's background investigation and subjected this process to judicial review.

11   In the absence of such a directive, USCIS has no clear, mandatory duty to adjudicate Plaintiff's

12   application at any particular time, or, in effect, to give preferential treatment to his application by

13   processing it out of the order in which it was received.

14             Further, Plaintiff has failed to establish that the FBI can be compelled to complete his

15   background investigation.  There is no statutory or regulatory requirement that the FBI complete the

16   background check of an applicant within a certain time limit.  See Norton v. So. Utah Wilderness

17   Alliance, 542 U.S. 55, 63 (2004); see, e.g., Wei Tan, 2007 WL 1576108, at *4 ("[T]he Court has been

18   presented with no authority which would allow it to require the FBI to conduct a security background

19   check more expeditiously, absent showing of complete inaction by the FBI"); Wang v. Gonzales,

20   No. 07cv0165, 2007 WL 1299871, at *3 (S.D. Cal. Apr. 30, 2007) ("Only the FBI and USCIS are in a

21   position to know what resources are available to conduct the background checks and whether an

22   expedited background check is feasible or efficient in any particular case."); Li, 482 F.Supp.2d at 1179

23   ("Plaintiff has not pointed to any statute or regulation requiring the FBI to complete her name check in

24   any period of time, reasonable or not."); Shalabi v. Gonzales, No. 4:06cv866, 2006 WL 3032413, at *5

25   (E.D. Mo. Oct. 23, 2006) ("There is no statute or regulation which imposes a deadline for the FBI to

26   complete a criminal background check"); Zahani v. Neufield, No. 6:05cv1857 ORL 18L, 2006 WL

27   2246211, at *3 (M.D. Fla. June 26, 2006) (holding that, because alleged delay resulted from the need

28   for FBI background checks, "even if this Court could intervene, it would not."); Nguyen v. Gonzales,

No. H-07-0048, 2007 WL 713043, *4 (S.D. Tex. Mar. 6, 2007) ("The enormous number of name checks submitted to the FBI also counsels against judicial intervention in a case such as this one.").

Granting Plaintiff's request to compel the processing of routine immigrant applications out of order would have several negative repercussions. It would unfairly favor applicants with the means to hire an attorney and/or file federal mandamus actions. Applicants without such means would suffer further delays, as other later-filed applications were given court-mandated preferential treatment. The use of mandamus would shorten delay for some, only to lengthen it for others.

Lastly, Plaintiff has failed to establish that he has suffered any cognizable injury. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). While his application is pending, Plaintiff retains all of the rights and benefits of a lawful permanent resident, including the right to work and travel freely. See Exh. A, ¶ 18. Because he has no clear right to immediate adjudication and Defendants' duty is purely discretionary, the extraordinary relief provided by mandamus is not warranted here. Accordingly, the Court should dismiss the Complaint for failure to state a claim upon which relief may be granted.

### D.    IF JURISDICTION EXISTS, THIS MATTER SHOULD BE REMANDED TO USCIS

The Secretary of Homeland Security has "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a); 6 U.S.C. § 271(b). USCIS is the federal agency charged with processing applications for naturalization. See 8 U.S.C. § 1421 et seq. USCIS is required to conduct a personal investigation and examination of each applicant for naturalization. See 8 U.S.C. §§ 1446(a)-(b); 8 C.F.R. §§ 335.1-335.2. In situations in which there has been an examination by USCIS and 120 days elapse without a decision whereby district court jurisdiction is not in dispute, Congress provided the Court with two options. See 8 U.S.C. § 1447(b). The Court retains exclusive jurisdiction over the application and may either determine it or remand it to USCIS with appropriate instructions. Id.; see also United States v. Hovsepian, 359 F.3d 1144, 1160.

Within the 8 U.S.C. § 1447(b) context, when there is a basis for jurisdiction, courts in this District have overwhelmingly elected to remand applications for naturalization to USCIS with instructions to adjudicate the application as expeditiously as possible after the FBI's completion of the name check. See Somo v. Gonzales, No 07cv0637, 2007 WL 2700948, *3 (S.D. Cal. Sept. 10, 2007);

08cv0024

1  <u>Penalosa v. U.S. Citizenship & Immigration Servs.</u>, No. 07cv0808, 2007 WL 2462118, *3 (S.D. Cal.

2  Aug. 28, 2007); <u>Ma v. Chertoff</u>, No. 07cv0033, 2007 WL 2462103, *3 (S.D. Cal. Aug. 27, 2007); <u>Yang</u>

3  <u>v. Chertoff</u>, No. 07cv0240, 2007 WL 1830908, *4 (S.D. Cal. June 25, 2007); <u>Ghazal v. Gonzales</u>, No.

4  06cv2732, 2007 WL 1971944, *4 (S.D. Cal. June 14, 2007); <u>Wang v. Gonzales</u>, No. 07cv0165, 2007

5  WL 1299871, *3 (S.D. Cal. Apr. 30, 2007). There are several advantages to remanding this matter to

6  USCIS. The application will be adjudicated by the federal agency best equipped to evaluate the

7  application. It will accomplish the congressional intent of uniform examination. <u>See</u> 8 U.S.C. § 1443(a)

8  (the examination "shall be uniform throughout the United States"). Further, it will leave Plaintiff with

9  an avenue for judicial review under 8 U.S.C. § 1421 (c) if the application is ultimately denied by USCIS.

10      The instant Complaint is not a § 1447(b) matter, however, if this Court finds that jurisdiction

11  exists, it is appropriate to remand the matter to USCIS. USCIS is prepared to complete adjudication of

12  Plaintiff's application once it receives a response from the FBI. <u>See</u> Exh. A, ¶ 21. Therefore, if the

13  Court finds it has jurisdiction, Defendants request that the matter be remanded to  USCIS for

14  adjudication once the FBI name check is complete.

15                              **IV.  CONCLUSION**

16      For the foregoing reasons, Defendants respectfully ask the Court to dismiss the Complaint for

17  lack of subject matter jurisdiction and failure to state a claim. In the alternative, Defendants request that

18  the Court remand the matter to USCIS for adjudication once the FBI name check is complete.

19

20  DATED: March 4, 2008           Respectfully submitted,

21                              KAREN P. HEWITT
                            United States Attorney

22

23                              s/Caroline J. Clark
                            _____

24                              CAROLINE J. CLARK
                            Assistant U.S. Attorney

25                              Attorneys for Defendants
                            E-mail: caroline.clark@usdoj.gov

26

27

28

08cv0024