# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT YASMEH,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL MUKASEY, Attorney General of the United States; MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALEZ, Director of the United States Citizenship and Immigration Services; ALFONSO AGUILAR, Chief of Citizenship, United States Citizenship and Immigration Services; PAUL M. PIERRE, District Director of the United States Citizenship and Immigration Services, San Diego, California; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,<br><br>    Defendants. | CASE NO. 08-CV-0024 H (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

On January 4, 2008, plaintiff Robert Yasmeh ("Plaintiff") filed a complaint against defendants Michael Mukasey, Attorney General of the United States; Michael Chertoff, Secretary of the Department of Homeland Security; Emilio T. Gonzalez, Director of the United States Citizenship and Immigration Services; Alfonso Aguilar, Chief of Citizenship, United States Citizenship and Immigration Services; Paul M.

Pierre, District Director of the United States Citizenship and Immigration Services, San Diego, California; and Robert S. Mueller, III, Director of the Federal Bureau of Investigation (collectively "Defendants"). Plaintiff's complaint seeks an order from this Court requiring Defendants to expedite Plaintiff's pending naturalization application. (Doc. No. 1.) On March 4, 2008, Defendants filed a motion to dismiss. (Doc. No. 4.) On March 25, 2008, the Court submitted Defendants' motion and vacated the April 1, 2008, hearing. (Doc. No. 5.) The Court exercises its discretion pursuant to Local Civil Rule 7.1(d)(1) to decide this matter without oral argument. For the following reasons the Court **GRANTS** Defendants' motion to dismiss.

**Background**

Plaintiff, a native and citizen of Iran, entered the United States as a refugee in 1980. (Compl. ¶ 10.) On October 1, 1985, Plaintiff was granted Lawful Permanent Resident status. (Id.) On April 11, 2006, Plaintiff filed an application for naturalization. (Id. ¶ 12.) Plaintiff was fingerprinted for security checks on May 17, 2006. (Id. ¶ 13.) The USCIS and FBI have not yet completed Plaintiff's background security check. (Id. ¶ 15.) Because the USCIS has not completed the name check request, USCIS has not yet scheduled a naturalization interview for Plaintiff.[1] (Id.)

**Discussion**

Federal courts are courts of limited jurisdiction and the burden of establishing that federal jurisdiction exists rests with the party asserting jurisdiction. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to bring a motion to dismiss a claim because the court lacks jurisdiction over the subject matter. Fed. R. Civ. P.

---

[1] The Court notes that Plaintiff states that an interview took place on October 18, 2005. (Compl. ¶ 20.) However, Plaintiff states elsewhere that USCIS "has not scheduled him for an interview." (Id. ¶ 15.) Defendants also state that USCIS has not interviewed Plaintiff. (Rangaswamy Decl. ¶ 19-21.) Furthermore, Plaintiff did not file the currently pending application until April 11, 2006, several months after the date of the alleged interview. (Compl. ¶ 12.)

12(b)(1).

## A.    Mandamus Jurisdiction

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003). Litigants may seek a writ of mandamus "to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion." Idaho Watersheds Project v. Hahn, 307 F.3d 815, 832 (9th Cir. 2002) (quoting Miguel v. McCarl, 291 U.S. 442, 451 (1934)). Mandamus may also be available where "a public official has violated statutory or regulatory standards delimiting the scope or manner in which official discretion can be exercised." AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692, 697 (9th Cir. 1999).

The Court concludes that section 1361 does not confer subject matter jurisdiction over Plaintiff's claim. The actions Plaintiff seeks to compel are discretionary, not ministerial. Defendants have not refused to take action on Plaintiff's application or exceeded a statutory or regulatory standard delimiting the scope of their discretion. Congress has not established any time limits for the USCIS or FBI to conduct the background investigations required under 8 U.S.C. § 1446. Federal regulations also provide no time frame within which USCIS must act on an application for naturalization. See 8 C.F.R. § 335.1. On the contrary, section 1446 indicates that Congress intended the executive branch and the relevant agencies to have broad discretion in the manner in which they process naturalization applications. For example, the statute provides that "[t]he Attorney General may, in his discretion, waive

a personal investigation" in an individual case or class of cases.  8 U.S.C. § 1446(a) (emphasis added).

Furthermore, Congress has established a 120-day time frame for USCIS to make a determination on a naturalization application once it has completed the requisite background investigation and interviewed an applicant.  8 U.S.C. § 1447(b).  This section provides the applicant the right to a hearing before a district court if USCIS fails to "make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted."  Id.  The absence of such a time frame delimiting the pace of Defendants' action before the interview occurs, including conducting the required security checks, indicates that the pace of such action is within the discretion of the relevant agencies.

Defendants have provided the declaration of Janaki Rangaswamy, the Supervisory Center Adjudications Officer of USCIS's California Service Center. (Rangaswamy Decl. ¶ 1.)  Rangaswamy declares that Plaintiff's naturalization application requires the completion of an FBI name check, FBI fingerprint check, and the Department of Health Services-managed Interagency Border Inspection System. (Id. ¶ 6.)  These checks must be complete before USCIS may schedule an applicant for an examination.  See 8 C.F.R. § 335.2(b).  The FBI processes USCIS name check requests in the order in which USCIS transmits them to the FBI.  (Rangaswamy Decl. ¶ 7.)  Delays in processing applications are unavoidable and may be lengthy.  (Id. ¶ 9.) Some cases involve complex or highly sensitive information and cannot be resolved quickly.  (Id. ¶ 6.)  Sometimes a name check will reveal the existence of information about the applicant without revealing the nature of that information.  In such cases, the USCIS must work closely with the other agencies to obtain all the relevant information and ascertain its significance.  (Id. ¶ 9.) Furthermore, the large number of name check requests USCIS has submitted to the FBI since the terrorist attacks of September 11, 2001, along with new heightened screening procedures, have created a backlog and slowed the FBI's completion of the name check requests.  (Id. ¶ 7; see Decl. of Michael

A. Cannon ISO Defendants' Mot. ¶¶ 21-23.) Rangaswamy states that the USCIS has yet to receive the results of Plaintiff's name check from the FBI and therefore cannot complete the processing of Plaintiff's application. (Rangaswamy Decl. ¶ 19.)

Based on the foregoing the Court concludes that this is not a case where an agency declines or refuses to act. Plaintiff's only grievance is that Defendants have not acted expeditiously enough. The evidence establishes that the requisite investigation is ongoing. (See Rangaswamy Decl. ¶¶ 19-21.) Defendants simply do not yet have all of the necessary information to adjudicate Plaintiff's application. (Id.) USCIS states that once it has the information it will promptly process Plaintiff's application. (Id. ¶ 21.) The Court concludes that the pace of the investigation and adjudication process before an interview occurs is discretionary and, therefore, that Defendants do not owe a ministerial duty to expedite the processing of Plaintiff's application. Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's mandamus petition under section 1361.

**B.      Plaintiff's Claim Under the APA**

The APA provides that, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Also, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Id. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Plaintiff argues that Defendants have failed to complete processing of Plaintiff's naturalization application within a reasonable time and request an order compelling Defendants to expedite the processing and adjudication of Plaintiff's application.

"Failures to act are sometimes remediable under the APA, but not always." Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 61 (2004). "[A] claim

1  under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take
2  a <u>discrete</u> agency action that it is <u>required to take</u>." <u>Id.</u> at 64 (emphasis in original).
3  This limitation rules out judicial direction of even discrete agency action that is not
4  demanded by law or agency regulations having the force of law. <u>See</u> <u>id.</u> at 65.
5  Therefore, under the APA a court may not compel an agency to act within a certain time
6  unless the agency is compelled by law to act within a specified period of time or the
7  delay is unreasonable. <u>Id.</u>; <u>see</u> <u>Coit Independence Joint Venture v. Federal Sav. and</u>
8  <u>Loan Ins. Corp.</u>, 489 U.S. 561, 590 (1989) (Scalia, J., concurring).

9       Here, no statute or regulation specifies a time period within which USCIS must
10 act with respect to the FBI name check and related background investigation. <u>Compare</u>
11 Pub. L. No. 108-458, § 3001(g), 118 Stat. 3638 (2004) (requiring personnel security
12 checks to be completed within a certain time frame). Additionally, Plaintiff has not
13 pointed to any statute or regulation that requires the FBI to complete the name check
14 in any period of time. The 120 day time limit for USCIS to make a determination on
15 an application from the date of the interview does not apply here because USCIS has
16 not yet scheduled an interview for Plaintiff.

17      Therefore, the only governing time limit is the APA's directive that agencies
18 resolve matters presented to them within a reasonable time. 5 U.S.C. § 555(b). This
19 provision clearly affords wide discretion to USCIS and the FBI regarding the pace of
20 the investigation component of adjudicating naturalization applications. <u>Cf.</u> <u>Wright v.</u>
21 <u>Califano</u>, 587 F.2d 345, 353-54 (7th Cir. 1978) ("Since administrative efficiency is not
22 a subject particularly suited to judicial evaluation, the courts should be reluctant to
23 intervene in the administrative adjudication process, absent clear congressional
24 guidelines or a threat to a constitutional interest."). Accordingly, the Court concludes
25 that the APA does not provide subject matter jurisdiction over Plaintiff's claim seeking
26 to expedite processing of his naturalization application.

27 / / / /
28 / / / /

**Conclusion**

For the reasons discussed, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's complaint.

IT IS SO ORDERED.

DATED: April 1, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.